UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:09-cr-80-FtM-29DNF

LYNN TORRES
_____

                              **ORDER**

    This matter came before the Court on the government's Motion for Final Order of Garnishment (Doc. #44) filed on June 26, 2019. Upon review, the Court requested a memorandum of law regarding the government's authority to seize the entire property under the auspices of garnishment. On July 16, 2019, the government filed its Response to Court Order (Doc. #49).

    Based on a Plea Agreement (Doc. #25) and the Court' acceptance of defendant's plea of guilty to one count of loan and credit application fraud, on July 19, 2010, a Judgment (Doc. #33) was entered sentencing defendant to 5 years of probation and restitution in the amount of $261,187.50. On March 15, 2019, the Court issued an Order for Writ of Garnishment (Doc. #41) authorizing the issuance of the appropriate writ. A Writ was issued, and on April 16, 2019, Fidelity Management Trust Company filed an Answer of Garnishee (Doc. #43). Garnishee Fidelity Management Trust Company stated that it has $29,971.00 in a Traditional IRA and $6,194.00 in a ROTH IRA. Defendant has not

filed a claim for exemption, objection, or requested a hearing. The government seeks to liquidate the nonexempt property and require Fidelity to turn over all proceeds to the United States for payment towards defendant's outstanding restitution pursuant to 28 U.S.C. § 3205(c)(7).

The Mandatory Victims Restitution Act of 1996 makes restitution mandatory for certain crimes and authorizes the United States to enforce restitution through its civil enforcement powers. United States v. DeCay, 620 F.3d 534, 539 (5th Cir. 2010). Although the government may enforce a judgment "against all property or rights to property of the person fine", certain property is exempt, like annuity and pension payments under the Railroad Retirement Act, certain service-connected disability payments, and other exemptions not applicable here. 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a). On the other hand, exemptions under the Federal Debt Collection Procedures Act do not apply. DeCay, 620 F.3d at 539 (citing 18 U.S.C. § 3613(a)(2)). The Fifth Circuit has concluded that §3613(a) authorizes the United States to garnish retirement benefits "notwithstanding the anti-alienation provision in [Title 26 U.S.C.] § 401(a)(13) of the IRC." DeCay at 541. The Court finds that the retirement accounts held by Fidelity Management Trust Company are not exempt, and therefore subject to garnishment. That being said, the issue remains as to the amount that may be garnished.

The Consumer Credit Protection Act provides that aggregate disposable earnings for any workweek subject to garnishment may not exceed 25% of the earnings for the week. 15 U.S.C. § 1673(a)(1). The following definitions apply:

> **(a)** The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.
>
> **(b)** The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

15 U.S.C. § 1672. The Eleventh Circuit has focused on the distinction of periodic disbursements that have already begun to disallow total garnishment. <u>United States v. Fussell</u>, 567 F. App'x 869, 872 (11th Cir. 2014). In this case, the government argues that defendant has not been receiving periodic payments from her retirement accounts and thus the accounts are not protected by the Consumer Credit Protection Act. Because the record does not establish any such periodic payments, the Court agrees, and finds that the government is entitled to seek garnishment of the entire balances.

Accordingly, it is hereby

**ORDERED:**

The Government's Motion for Final Order of Garnishment (Doc. #44) is **GRANTED** as follows:

1. The Garnishee, Fidelity Management Trust Company, is directed to liquidate Lynn Torres's Traditional IRA (account number xxxxx85585) and ROTH IRA (account number xxx-xx5001) and forward the proceeds to the U.S. District Court for payment toward her outstanding restitution.
2. The check should be made payable to "Clerk, United States District Court," reference "Lynn Torres, Case No. 2:09-cr-80-FtM-29DNF," and be mailed to:

   Clerk, United States District Court
   ATTN: DCU
   401 West Central Boulevard, Suite 1200
   Orlando, FL 32801

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record